CV 14                    2269

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RAFAEL MUNIZ,

                                        Plaintiff,

                -against-

CITY OF NEW YORK, KYLE STANLEY, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

------------------------------------------------------------------X

**COMPLAINT**

Index No.

Jury Trial Demanded

BLOCK, J.

LEVY, M.J.

        Plaintiff RAFAEL MUNIZ, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

### Preliminary Statement

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

### JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff RAFAEL MUNIZ is a fifty year old Hispanic American man residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, KYLE STANLEY and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.    On January 11, 2013, at approximately 4:00 p.m., in the vicinity of Pitkin Avenue

and Atkins Avenue, Brooklyn, New York, defendant NYPD officers including, but not limited

to, KYLE STANLEY, stopped, searched, handcuffed, assaulted, and arrested plaintiff without

just cause to do so.

13.    At the aforementioned date, time and location, plaintiff was lawfully walking

down the street and not engaged in any suspicious activity.  The defendant officers, who were

inside of a NYPD vehicle, nonetheless ordered plaintiff to stop.

14.    Plaintiff complied with the defendant officers' order, whereupon the defendant

officers exited their vehicle and, without justification, detained and searched plaintiff.

15.    The officer officers handcuffed plaintiff despite the fact that he had not committed

any crimes or offenses.

16.    After plaintiff was handcuffed, the defendant officers slammed plaintiff to the

ground and struck him in the head and chest with their hands and feet, resulting in severe

injuries.

17.    After beating plaintiff, the defendant officers imprisoned plaintiff in a police

vehicle and transported him to the 75th NYPD police precinct and imprisoned him therein.

18.    While in the stationhouse, a defendant officer subjected plaintiff to a humiliating

and unlawful strip search.

19.    Sometime thereafter, the defendant officers caused plaintiff to be transported

Brookdale Hospital in police custody, where he received treatment for the injuries inflicted upon

3

him when he was being falsely arrested.

20.     Plaintiff was diagnosed at Brookdale with a left sided pneumothorax, commonly known as a collapsed lung, fractures of the left 5, 6, 7, 8, and 9th ribs, fractures of the right 5, 6, 7, and 8th ribs, and was consequently admitted to the hospital for observation.

21.     Plaintiff remained at Brookdale in police custody, and was subsequently discharged from the hospital on January 14, 2013, where he was taken back to NYPD custody, and ultimately to a central booking facility in Brooklyn.  Plaintiff was thereafter arraigned on January 15, 2013 on baseless charges filed in Kings County Criminal Court under docket no. 2013KN003793; said charges having been filed based on the false allegations of defendant KYLE STANLEY.  Defendant STANLEY initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned acts of brutality.

22.     The defendant police officers, including STANLEY, created and manufactured false evidence against plaintiff, which STANLEY conveyed to the Kings County District Attorney's Office, causing said evidence to be used against plaintiff in the aforementioned legal proceeding.

23.     At plaintiff's arraignment, all the false allegations levied against him were adjourned in contemplation of dismissal, and were subsequently dismissed and sealed in Kings County Criminal Court on July 12, 2013.

24.     The defendant NYPD officers STANLEY and JOHN and JANE DOE 1 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein.

4

25.     The defendant officers stopped and searched plaintiff pursuant to an unlawful custom or practice of stopping and searching individuals due to discrimination against them based on their race and/or nationality and/or ethnicity, and not based on any particularized suspicion that plaintiff was engaged in criminal activity at the time he was stopped.

26.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and based on a custom or practice of widespread falsification and covering up abuse of authority pursuant to a "blue wall of silence".

27.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force; disproportionately stop, search, and arrest individuals due to discrimination against them based on their race or nationality; and engage in a practice of falsification.

28.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

29.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

5

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30. As a result of the foregoing, plaintiff RAFAEL MUNIZ sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff RAFAEL MUNIZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.    As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants arrested plaintiff RAFAEL MUNIZ without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

40.    Defendants caused plaintiff RAFAEL MUNIZ to be falsely arrested and unlawfully imprisoned.

41.    As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

42.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff RAFAEL MUNIZ'S constitutional rights.

44. As a result of the aforementioned conduct of defendants, plaintiff RAFAEL MUNIZ was subjected to excessive force and sustained physical and emotional injuries.

45. As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants strip searched plaintiff RAFAEL MUNIZ in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

48. Defendants thereby caused plaintiff RAFAEL MUNIZ to be deprived of his right to be free from unlawful strip searches.

49. As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants created false evidence against plaintiff RAFAEL MUNIZ.

52.     Defendants utilized this false evidence against plaintiff RAFAEL MUNIZ in legal proceedings.

53.     As a result of defendants' creation and use of false evidence, plaintiff RAFAEL MUNIZ suffered a violation of his constitutional right to a fair trial, as guaranteed by the United States Constitution.

54.     As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants issued criminal process against plaintiff RAFAEL MUNIZ by causing his arrest and prosecution in a criminal court.

57.     Defendants caused plaintiff RAFAEL MUNIZ to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their acts of brutality, and thereby violated plaintiff's right to be free from

9

malicious abuse of process.

58.     As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants had an affirmative duty to intervene on behalf of plaintiff RAFAEL MUNIZ, whose constitutional rights were being violated in their presence by other officers.

61.     The defendants failed to intervene to prevent the unlawful conduct described herein.

62.     As a result of the foregoing, plaintiff RAFAEL MUNIZ'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to over tight handcuffing, and compelled to appear in criminal court.

63.     As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

10

paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

66.     As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The defendants falsely arrested and subjected plaintiff RAFAEL MUNIZ to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

69.     As a result of the foregoing, plaintiff RAFAEL MUNIZ was deprived of his rights under the Equal Protection Clause of the United States Constitution.

70.     As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff RAFAEL MUNIZ'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RAFAEL MUNIZ.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RAFAEL MUNIZ as alleged herein.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RAFAEL MUNIZ as alleged herein.

12

77.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff RAFAEL MUNIZ was unlawfully arrested and subjected to excessive force.

78.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RAFAEL MUNIZ'S constitutional rights.

79.    All of the foregoing acts by defendants deprived plaintiff RAFAEL MUNIZ of federally protected rights, including, but not limited to, the right:

         A.    Not to be deprived of liberty without due process of law;

         B.    To be free from false arrest/unlawful imprisonment;

         C.    To be free from excessive force;

         D.    To be free from the failure to intervene;

         E.    To receive his right to fair trial;

         F.    To be free from malicious abuse of process;

         G.    To receive equal protection under law.

80.    As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

81.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

83.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

84.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

85.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

86.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendants arrested plaintiff RAFAEL MUNIZ without probable cause.

89.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

90.     As a result of the aforementioned conduct, plaintiff RAFAEL MUNIZ was unlawfully imprisoned in violation of the laws of the State of New York.

91.     As a result of the aforementioned conduct, plaintiff RAFAEL MUNIZ suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of

freedom.

92.     As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     As a result of the foregoing, plaintiff RAFAEL MUNIZ was placed in apprehension of imminent harmful and offensive bodily contact.

95.     As a result of defendant's conduct, plaintiff RAFAEL MUNIZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96.     As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants made offensive contact with plaintiff RAFAEL MUNIZ without

privilege or consent.

99. As a result of defendants' conduct, plaintiff RAFAEL MUNIZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

100. As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

101. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. Defendants issued criminal process against plaintiff RAFAEL MUNIZ by causing him to be arrested, arraigned and prosecuted in criminal court.

103. Defendants caused plaintiff RAFAEL MUNIZ to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

104. As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

105.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

107.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

108.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

109.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff RAFAEL MUNIZ.

110.    As a result of the aforementioned conduct, plaintiff RAFAEL MUNIZ suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

111.    As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

112.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraph numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff RAFAEL MUNIZ.

114.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

115.    As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff RAFAEL MUNIZ.

118.    As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

119.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

121.   As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

122.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

124.   As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

125.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.   As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

127.   As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

128.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.   As a result of defendants' conduct, plaintiff RAFAEL MUNIZ was deprived of his right to security against unreasonable searches, seizures, and interceptions.

130.   As a result of the foregoing, plaintiff RAFAEL MUNIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

20

attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff RAFAEL MUNIZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       April 9, 2014

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff RAFAEL MUNIZ
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By:     _____
>         BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

RAFAEL MUNIZ,

                                          Plaintiff,                    Docket No.

        -against-

CITY OF NEW YORK, KYLE STANLEY, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100